### Isabella Sanderson v. Frank D. Read.

1. INTEREST—*Only Allowable by Statute.*—At common law interest was not allowed. It can only be recovered where it is authorized by the statute.

2. SAME—*May be Allowed on Damages for Failure to Convey Land.*—A person who contracts to convey land at a particular time and fails to do so becomes liable then and there to pay the value of the land as damages, and may be charged with interest thereon in a proper case.

3. Same—*On Unliquidated Demands—When the Rule Does Not Apply.*—The rule that interest is not allowable on unliquidated demands does not apply where the damages are ascertainable by simple computation or by reference to generally recognized standards, such as market prices.

4. Same—*When Unreasonable and Vexatious Delay is Not a Question for the Jury.*—While it is generally a question for the jury whether there has been an unreasonable and vexatious delay of payment where there is conflicting evidence, yet where facts creating a liability to pay at a specified time are not denied, and no evidence is offered to show ground for refusal, there is no controversy on this point for the jury to consider.

**Assumpsit,** for the breach of a contract to convey real estate. Appeal from the Superior Court of Cook County; the Hon. Farlin Q. Ball, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1897. Affirmed. Opinion filed April 8, 1898.

Burke Draper, attorney for appellant.

J. F. Hess, attorney for appellee.

Mr. Justice Freeman delivered the opinion of the Court.

This was an action on a written contract, wherein the appellant agreed to convey to appellee certain real estate therein described, in consideration of payments to be made therefor to the appellant, at the times and at a place specified.

It is not seriously contended that the payments were not made in accordance with the agreement. But appellant refused to make the conveyance, alleging that the agent to whom the payments were to be made had not turned over to her the money received from appellee. The latter testifies that at the time he paid the money he did not know there was any difficulty between appellant and the agent, and his testimony in this respect is not contradicted.

Appellant urges that the plaintiff failed to make a *prima facie* showing of payment under the contract, and that therefore the trial court erred in refusing to instruct the jury to find for the defendant. Objections were made by

appellant's counsel to the introduction of the contract, and to certain tax receipts which were admitted in evidence. It is sufficient to say that we have considered these objections, and do not regard them as well taken. There is testimony tending to prove the execution of the contract by appellant, and no denial is attempted. This is true also as to the evidence tending to prove the payments required by the terms of the contract. We regard the evidence as abundantly sufficient to make out a *prima facie* case, and there is no error in the court's refusal to give the instruction as requested.

The court below instructed the jury that the plaintiff " is entitled to recover from the defendant herein as his damages the value of said real estate at the date when demand was made for the same, as shown by the evidence herein, which was on June 1, 1895, with interest from that date at the rate of five per cent per annum." The only objection made to this instruction is, that it was error to instruct the jury that the plaintiff was entitled to interest, and that the verdict and judgment are therefore excessive. The verdict of the jury allowed appellee the value of the land, and interest thereon from the date specified.

At the common law interest was not allowed. It can only be recovered where it is authorized by the statute. Illinois C. R. R. Co. v. Cobb, Blaisdell & Co., 72 Ill. 148.

The statute provides that interest shall be allowed " on money withheld by an unreasonable and vexatious delay of payment." Rev. Stat., Chap. 74, Sec. 2.

That it was the duty of the appellant to convey to the appellee the land described in the contract in accordance with that agreement, at the time the demand was made, is sufficiently established by the evidence. Failing to do this, appellant became liable then and there to pay the value of the land as damages. The jury found the value, as appears from the verdict, in accordance with the testimony of witnesses called in behalf of appellee, and we can not say they were not warranted in so doing by the evidence.

In Sutherland on Damages, Vol. 1, p. 173, it is said: "The

Sanderson v. Read.

value of property constitutes the measure or an element of damages in a great variety of cases, both of tort and contract. * * * In both cases the value is the legal and fixed measure of damages, and not discretionary with the jury. It is so between vendor and vendee, and on the failure of either to fulfill a contract of sale and purchase. * * And a party who is entitled to recover, and must accept the value of property in place of the property itself, should always be allowed interest on that value from the date at which the value was fixed."

Here was a contract capable of specific performance. Its terms and conditions had been substantially complied with by appellee, who had paid for the land the price agreed upon. Nothing remained to be done by appellant except to comply with her part of the contract and make conveyance of the land. She refused to so convey, and has made no offer to return the purchase price which she has received. She has retained both the land and the consideration therefor. Her difficulties, if any, with her agent, could not relieve her from the obligation of her contract with appellee.

In Sutherland on Damages, above cited, it is said (Vol. 1, p. 610): "It is a general principle that interest is not allowed on unliquidated damages or demands. * * * But demands based upon market values, susceptible of easy proof, though unliquidated until the particular subject of the demand has been made definite and certain by agreement or proof, are not so uncertain that no default can be predicated of any delay in making payment. A demand is unliquidated if one party alone can not make it certain—when it can not be made certain by mere calculation; but the allowance of interest as damages is not dependent on this rigid test."

In this State "interest is not allowable on unliquidated demands in any case where the amount of damages is not ascertainable by simple computation or by reference to generally recognized standards, such as market prices." Harvey v. Hamilton, 54 Ill. App. 512.

Interest as damages was properly allowed under the

statute. While it is ordinarily a question for the jury whether there has been an unreasonable and vexatious delay of payment, where there is conflicting evidence, yet where facts creating liability to pay at a specific time were not denied, and no evidence was offered tending to show ground for refusal, there was no controversy on this point for the jury to consider. The doctrine is established in this State that " where property has been wrongfully taken or converted into money, and an action of trespass or trover may be maintained, interest may properly be recovered." Illinois C. R. R. Co. v. Cobb, Blaisdell & Co., 72 Ill. 148.

No distinction is perceived where money due at a specific time has been wrongfully withheld.

The judgment is affirmed.